## Case No. 4,513.

ERIE RY. CO. et al. v. HEATH et al.

[8 Blatchf. 413;[1] 4 N. B. R. 177 (Quarto).]

·Circuit Court, S. D. New York. May 3, 1871.

William A. Beach, for plaintiffs and ·Gould.

William M. Evarts and Charles F. South-·mayd, for defendants.

BLATCHFORD, District Judge. The mo·-tion for an attachment against Jay Gould, the president of the Erie Railway Company, is granted. The contempt of court committed by him, in refusing to produce before the master the books and documents speci-·fied in the order of the master, made on the 14th of April. 1871, appears, by the evidence, to have been wilful, and is wholly unexcused ·and inexcusable. Mr. Hilton, the transfer ·clerk, in whose possession, and in whose safe, ·some, if not all, of such books and documents ·arc shown to be, testified that he would pro-·duce them, if so directed by Mr. Gould, but Mr. Gould refused before the master to give ·such direction. The pretence on the part of Mr. Gould, that he doubted his power to ·give such an order. is shown, by his own ·testimony, to be without foundation, and ·only aggravates the deliberate character of his action. For, in regard to the stock trans-·fer books of September, 1870, and December, 1870, and January, 1871, he at first stated that he thought they were in the possession of the master; that he supposed they had been sent to the master; that they sent down two or·three loads of books, which he supposed were the books relative to this matter; that he himself gave directions to the transfer clerk to bring such books as related to the transfer of the 60,000 shares of stock to Mr. Coleman, as receiver; that he supposed that the transfer books relating to the 30,000 shares, which were issued and sold upon the street, in lieu of the 30,000 shares of the Heath and Raphael stock, had been sent before the master; that he thought the stock certificate books, from which were cut the stock certificates issued from December 28th, 1870, to January 16th, 1871, both inclusive, had been sent before the master; that the stock transfer books and stock certificate books are in the department of the transfer clerk, and in his control; and that all the books of the corporation are under the control of him, Mr. Gould, through the different departments. The doctrine that an officer of a corporation which is not a party to a suit, or even of one which is, will not be compelled to bring from its office its books, on a subpoena duces tecum, has no application to an investigation like the one in which this question arises, where the corporation is not only a party to the suit, but is, by the order under which the master is proceeding, directed to do a specific thing to effectuate the relief to which the defendants are declared to be entitled, and in aid of which the master is acting. Besides, the authority to require the production before a master of all books, papers, writings, vouchers, and other documents, applicable to the matters embraced in the reference before the master, is directly conferred by rule 77 of the rules in equity prescribed by the supreme court. In executing, under the order made by the court, and the rules which govern the court, the power of calling for books and documents, the master will, of course, see to it that as little inconvenience as possible is caused to the company in the way of interrupting its business, or the use by it of the books needed for the investigation. But such books must be produced, not necessarily all at once, but from time to time, as needed, and the master must conduct the examination at such place as shall seem to him most advisable.

An attachment must issue against Mr. Gould, as moved for, to be non-bailable until the books and documents specified in the order of the master, of April 14th, 1871, are produced, and, when the master certifies to the marshal that such order is complied with, then to be bailable in the sum of $10,000. [The motion for the addition to amendment of the order of March 11, 1871, is granted.][2]

---

[1] [Reported by Hon. Samuel Blatchford, Dis-·trict Judge. and here reprinted by permission.]

[2] [From 4 N. B. R. 177 (Quarto).]